NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| CLARENCE E. OWENS et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> CREDIT SUISSE SECURITIES : <br> (USA) LLC et al., : <br> : <br> Defendants. : <br> : | Civil No. 15-1491 (RBK/JS) <br><br> **ORDER** |

**THIS MATTER** having come before the Court upon its own motion; and

**IT APPEARING TO THE COURT** that Defendants removed the instant action pursuant to 28 U.S.C. § 1446 on February 27, 2015.  (Notice of Removal (Doc. No. 1)); and

**IT FURTHER APPEARING TO THE COURT** that the Notice of Removal invokes [28] U.S.C. § 1331 in support of the Court's jurisdiction over this matter; and

**IT FURTHER APPEARING TO THE COURT** that Plaintiffs originally filed this lawsuit in in the Superior Court of New Jersey, Law Division, Burlington County, and filed their First Amended Complaint (the "FAC") on or about January 30, 2015; and

**IT FURTHER APPEARING TO THE COURT** that Plaintiffs' FAC contains over 280 pages, over 525 enumerated paragraphs, 27 individual Counts, and appears to state claims under the Home Ownership Equity Protection Act as well as several other federal statutes; and

**IT FURTHER APPEARING TO THE COURT** that Plaintiffs' FAC attempts to state claims against Credit Suisse Securities (USA) LLC, DLJ Mortgage Capital, Inc., Select Portfolio

Servicing, Inc., U.S. Bank, N.A., Home Equity Asset Trust Series 2006-6 Home Equity Pass Through Certificates, Series 2006-6, Mers Holdings, Inc., Mortgage Electronic Registration Systems, Inc., Bank of America, National Association Recon Trust Company, National Association, Fidelity National Title Insurance Corporation, Black Knight Financial Services, Servicelink, Milstead & Associates, LLC, Michael Milstead, Law Office of Michael Lipuma, Michael Lipuma, ABC Bail Bonds, Inc., and Lexington National Insurance Corporation; and

**THE COURT NOTING** that Federal Rule of Civil Procedure 8 requires that a pleading state, at a minimum, "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(1)-(2), (d)(1); and

**THE COURT NOTING FURTHER** that Federal Rule of Civil Procedure 41(b) permits the Court to dismiss an action because of a plaintiff's failure to comply with Rule 8. See Fed. R. Civ. P. 41(b); and

**THE COURT NOTING FURTHER** that this Court "may sua sponte dismiss a complaint for failure to comply with Rule 8; dismissal is appropriate in cases where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Muhammad v. U.S. States Bd. of Governors Postal System, 574 Fed. App'x 74 (3d Cir. 2014) (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)); and

**THE COURT FINDING** that Plaintiffs' FAC does not contain "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2); and

**THE COURT FINDING FURTHER** that Plaintiffs' FAC is overly long and is filled with unnecessary, ambiguous, and confusing allegations;

2

**IT IS HEREBY ORDERED** that Plaintiffs file an Amended Complaint, which is no longer than twenty-five (25) pages and which corrects the deficiencies addressed in this Order, on or before **March 16, 2015**, under pain of the Court dismissing this case with prejudice pursuant to Rule 41 for failure to comply with Rule 8.

Dated:   3/2/2015                                                         s/ Robert B. Kugler
                                                                           ROBERT B. KUGLER
                                                                           United States District Judge